UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHARLES E. JOHNSON, ET AL.                    CIVIL ACTION NO.

VERSUS

                                                      21-226-SDD-EWD

STEVE D. WHITE, ET AL.

## NOTICE AND ORDER

      This is a civil action involving claims for damages by Charles E. Johnson ("Charles") and Dionne M. Johnson ("Dionne") (collectively, "Plaintiffs") based upon the injuries Charles allegedly sustained on March 24, 2020 due to a motor vehicle accident that occurred in St. Charles Parish (the "Accident").[1] Plaintiffs allege the Accident was caused when Charles's vehicle collided with the tractor-trailer driven by Steve D. White ("White") while White was in the course and scope of his employment with the owner of the tractor-trailer, Metro Freight Inc. ("Metro").[2] On March 19, 2021, Plaintiffs filed their Petition for Damages ("Petition") against White, Metro, and Metro's liability carrier, Great West Casualty Company ("Great West") (collectively, "Defendants") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[3] Plaintiffs contend that they suffered personal injuries as a result of the Accident, caused by the negligence of White and Metro.[4] On April 20, 2021, the matter was removed by Defendants to this Court, on the basis of diversity subject matter jurisdiction under 28 U.S.C. § 1332.[5] However, as explained below, the Notice of Removal is deficient in its allegations regarding the amount in controversy.

---

[1] R. Doc. 1-3, ¶¶ 2-3.
[2] R. Doc. 1-3, ¶¶ 2-6.
[3] R. Doc. 1-3, ¶ 1, 8.
[4] R. Doc. 1-3, ¶¶ 6-7.
[5] R. Doc. 1, ¶¶ III, X.

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The Notice of Removal properly alleges that Plaintiffs are citizens of Louisiana; White is a citizen of Kentucky; Metro is an Illinois corporation whose principal place of business is in Illinois; and Great West is a Nebraska corporation whose principal place of business is in Nebraska.[6] Therefore, complete diversity of citizenship appears to exist.

However, it is not clear from the Petition or the Notice of Removal whether Plaintiffs' claims likely exceed $75,000, exclusive of interest and costs.[7] The Petition alleges Plaintiff's injuries as follows:

> 10.
>
> As a result of the collision previously described, Mr. Johnson was thrown around violently in his vehicle, unexpectedly and with great force, causing Mr. Johnson significant injury, including but not limited to injury to his neck, upper back, lower back, and knees, as well as physical and emotional pain, discomfort and disability.[8]

Plaintiffs also allege that Charles has been "forced to undergo medical treatment and has suffered limitations on his activities," and will continue to undergo treatment; has suffered and will continue to incur damages in the form of medical expenses; and has suffered and will continue to suffer diminished quality of life.[9] Dionne alleges that she has suffered loss of consortium with Charles due to his injuries.[10] Furthermore, Plaintiffs allege that Charles's vehicle was rendered inoperable as a result of the Accident, for which Plaintiffs seek damages for loss of use of the vehicle until it was repaired, as well as loss of earnings due to Charles's inability to "place this motor vehicle into

---

[6] R. Doc. 1, ¶¶ XIX-XXIII.
[7] *See* 28 U.S.C. §1332(a).
[8] R. Doc. 1-3, ¶ 10.
[9] R. Doc. 1-3, ¶¶ 11-13.
[10] R. Doc. 1-3, ¶ 14.

commercial use," and diminution of the value of the vehicle.[11]  Plaintiffs also generally seek "an amount reasonable for the injuries sustained by Plaintiffs, including for all past, present, and future damages…."[12]

In order to support their allegation in the Notice of Removal that Plaintiffs' damages exceed the $75,000 jurisdictional threshold, Defendants rely on the foregoing allegations of the Petition referenced above, *i.e.*, Charles's neck, upper back, lower back, and knee injuries, as well as loss of consortium, loss of use of the vehicle, *etc*.[13]  Defendants also provide some information regarding Charles's treatment in their allegation that: "… upon information currently available, it is believed that Plaintiff has had or will have a lumbar epidural steroid injection and a possible left knee meniscus repair."[14] Defendants also rely on Plaintiffs' failure to include an La. C.C.P. art. 893 statement.[15]  Other than these allegations, Defendants rely on damage awards affirmed by or awarded in five cases decided by Louisiana's First Circuit Court of Appeal and one decision of the U.S. Court of Appeals for the Fifth Circuit.[16]

The foregoing does not provide enough information to determine if at least one of Plaintiff's claims will likely exceed $75,000, exclusive of interest and costs.[17]  First, Charles's

---

[11] R. Doc. 1-3, ¶¶ 15-17.
[12] R. Doc. 1-3, prayer for damages.
[13] R. Doc. 1, ¶¶ XIV-XV.
[14] R. Doc. 1, ¶ XV.
[15] R. Doc. 1, ¶ XII.
[16] R. Doc. 1, ¶¶ XVI *citing Hicks v. USAA Gen. Indem. Co.*, 2019-0552 (La. App. 1 Cir. 3/25/21), 2021 WL 1136210, *Graffia v. La. Farm Bureau Cas. Ins. Co.*, 2008-1480 (La. App. 1 Cir. 2/13/09), 6 So. 3d 270, *Fournet v. Smith*, 2008-0586 (La. App. 1 Cir. 1/15/09), 2009 WL 103166, *Stockstill v. C.F. Industries, Inc.*, 94-2072 (La. App. 1 Cir. 12/15/95), 665 So.2d 802, 817, *Rochel v. Terrebonne Parish Sch. Bd.*, 637 So.2d 753 (La. Ct. App.), *writ denied*, 94-1613 (La. 10/7/94), 644 So. 2d 633,  and *Muton v. Tug Ironworker*, 811 F.2d 946, 949 (5th Cir. 1987).
[17]  In *Exxon Mobil Corp. v. Allapattah Services, Inc.*, the United States Supreme Court held that where at least one named plaintiff satisfies the amount in controversy requirement, the additional plaintiff's claims are part of the same case or controversy as those of the plaintiff who alleges a sufficient amount in controversy, and the other elements of diversity jurisdiction are present, the court may exercise 28 U.S.C. § 1367(a) supplemental jurisdiction over the additional plaintiffs' claims even though their claims do not meet the amount in controversy requirement. *Johnson v. Sentry Select Ins. Co.,* No. 17-1626, 2018 WL 4512190, at *8 (M.D. La. July 6, 2018), *citing* 545 U.S. 546, 549 (2005) (other citations omitted).

general allegations in the Petition of "significant injury" to his neck, upper/lower back, and knees, and physical and emotional pain, discomfort and disability, as well as demands for general categories of damages (*e.g.*, past and future medical expenses, diminished quality of life, *etc.*) are insufficient to establish the amount in controversy. Even allegations of *permanent* disability, which are not raised here, standing alone with no specification as to the affected body part(s), do not establish that a plaintiff's claims are likely to satisfy the amount in controversy requirement.[18] Moreover,"[c]ourts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[19]

Defendants' assertion that Charles "has had or **will have** a lumbar epidural steroid injection and **a possible** left knee meniscus repair" is more informative but fails to sustain Defendants' burden because it refers to speculative treatment unsupported by any evidence. In contrast, if Charles were actually recommended for surgery, it is possible that such a recommendation could sustain Defendants' burden, particularly if there is evidence of the cost of the surgery.[20] Further,

---

[18] *See Heaverlo v. Victoria's Secret Stores, LLC*, No. 07-7303, 2008 WL 425575, at *3 (E.D. La. Feb. 8, 2008) ("Although Mrs. Heaverlo alleges permanent disability, that allegation is not sufficient for the Court to retain this case. *In Palmer v. Wal–Mart Stores, Inc.,* No. Civ. A. 95–1723, 1996 WL 20862, at *1 (E.D. La. Jan. 17, 1996), the court granted plaintiff's motion to remand even when plaintiff alleged that she sustained severe and possibly permanent injuries, because her allegations were 'fairly ''vanilla'' and did not reveal the extent of her injuries. Mrs. Heaverlo's allegations are similarly commonplace. Given the accident described in the petition and the lack of evidence as to plaintiffs' likely damages, the Court finds that defendants have not satisfied their burden of showing by a preponderance of the evidence that more than $75,000 was in controversy at the time of removal.").
[19] *Davis v. JK & T Wings, Inc*., No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) and cases cited therein.
[20] Notably, in *Silva v. Hartford Ins. Co. of the Midwest,* No. 15-5844, 2016 WL 4501288, at *4 (E.D. La. Aug. 29, 2016), the court held that the plaintiff's statement that she required knee surgery, without evidence of the associated expenses, was insufficient to establish the removing defendant's burden: "Defendant, who bears the burden to prove by a preponderance of the evidence that removal was proper, offers two arguments. Defendant asserts that Plaintiff informed Defendant prior to removal that Plaintiff would require a right knee arthroscopic medial meniscectomy, a right knee arthroscopic loose body removal, and a right knee arthroscopic chondroplasty as a result of the accident. However, this information, without more, does not establish that the amount in controversy exceeded $75,000.

4

even if Charles had one steroid injection, one injection fails to establish that the jurisdictional threshold is met.[21] Although Defendants point to several cases where damages exceeding $75,000 were awarded or affirmed, Defendants "must do more than merely show that plaintiff could recover more than the jurisdictional amount" to satisfy their burden.[22]  Moreover, the cases cited by Defendants are not persuasive at this stage of the litigation, as there cannot be a meaningful comparison of this case to any of those cases (which may also be factually distinguishable)[23]  for the purposes of determining whether the jurisdictional threshold is met because the relevant information regarding Plaintiffs' injuries and damages are unknown.[24]  "The Defendant must point to facts **in this case** that establish that the actual amount in controversy exceeded $75,000."[25]

As it stands, there is no description of any of the neck and back injuries suffered by Charles, the actual amount of medical expenses Charles has incurred thus far, the nature of Charles's "disability," or Charles's prognosis and recommended future treatment, aside from the ESI (which

---

Defendant has merely restated what was on the face of Plaintiff's petition with slightly more detail as to what type of surgery is required, but Defendant does not quantify the present and future costs of such an operation or provide any evidence supporting its valuation that, at the time of removal, the amount in controversy exceeded $75,000. As the Fifth Circuit has held, '[c]onclusional allegations are insufficient to establish jurisdiction." As another district judge in the Eastern District of Louisiana found, "[t]he fact that [Plaintiff's] doctor has recommended surgery does not, in itself, establish that the claim exceeds $75,000.00, even in a day of spiraling health care costs.'"

[21] *See, e.g., Barrow v. James River Insurance Company*, No. 16-15967, 2017 WL 656725 (E.D. La. Feb. 15, 2017) (amount in controversy not satisfied where plaintiff incurred $4,600 in medical expenses at time of removal, and received physical therapy and an epidural steroid injection to treat disc herniations at L3-4, L4-5 and L5-S1).

[22] *Silva,* 2016 WL 4501288, at *5.  *See also Barrow,* 2017 WL 656725, at *3 (accord).

[23] For example, *Fournet v. Smith,* 2008-0586 (La. App. 1 Cir. 1/15/09), 2009 WL 103166, is distinguishable because the plaintiff in that case had two post-Petition surgeries on his neck, both of which involved removal of a disc.  The first also involved a fusion of C5-C6 and the second involved a fusion of C6-C7.  *Id.* at **1-2.  As *Silva* noted, the damage award was also based on the entire record after trial.

[24] *See Silva,* 2016 WL 4501288, at *5: "Overall, Defendant's argument that the amount in controversy is satisfied by citing two Louisiana state court cases with highly individualized facts different from the facts at issue here is unconvincing. Because the fact finder has discretion in determining an appropriate amount of damages based upon the facts of each individual case, monetary awards in previous cases are not sufficient to meet Defendant's burden of establishing that the amount of controversy here is greater than $75,000. The Defendant must point to facts in this case that establish that the actual amount in controversy exceeded $75,000. Moreover, the damages awards cited by Defendant are based on the entire record after trial, whereas subject matter jurisdiction determinations must only be based on the jurisdictional facts that exist at the time of removal. This point is especially salient when the Plaintiff's particular alleged injury cannot be broadly generalized and compared across different plaintiffs with 'similar' injuries, and when such an injury can result in widely ranging damages awards that do not always satisfy the amount in controversy requirement."

[25] *Id.*  (emphasis added).

may not have occurred), and the "possible" meniscus surgery. Defendants have not offered any specific medical information regarding Charles's injuries, prognosis, and expenses in support of the amount in controversy. There is no evidence of Charles's lost wages or the damages Plaintiffs' have allegedly incurred associated with the damage to Charles's vehicle (*i.e.*, loss of use and diminution in the value of the vehicle). Likewise, there is no information or evidence offered regarding Dionne's loss of consortium claim. There is also no evidence of any settlement demands, discovery responses, or relevant documents produced in discovery that would bear on the amount in controversy. Finally, and as Defendants' acknowledge, the lack of an La. C.C.P. art. 893 statement is just one factor to consider and is not dispositive.[26]

Based on the foregoing and taken as a whole, it is not apparent from either the Notice of Removal or the Petition whether Plaintiffs' claims are likely to exceed $75,000, exclusive of interest and costs.

Although Plaintiffs have not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the amount in controversy requirement has been met.[27]

Accordingly,

**IT IS ORDERED that, on or before May 7, 2021,** Defendants Steve D. White, Metro Freight, Inc., and Great West Casualty Company shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

---

[26] R. Doc. 1, ¶ XII *citing Ford v. State Farm Mut. Auto. Ins. Co.,* No. 08-403-JVP-CN, 2009 WL 790150, at *4 (M.D. La. Mar. 25, 2009) (other citations omitted). In *Ford,* this Court held: "[A] ll three U.S. District Courts in the State of Louisiana have recognized that the failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy. *See, Weber v. Stevenson,* 2007 WL 4441261 (M.D. La. 2007)(While the failure to include an allegation in the state court petition that one's damages are less than the federal jurisdictional minimum in accordance with La. C.C.P. art. 893 is entitled to 'some consideration,' it is not, in and of itself, determinative of the amount in controversy.").

[27] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

**IT IS FURTHER ORDERED that, on or before May 21, 2021,** Plaintiffs Charles E. Johnson and Dionne M. Johnson shall file either: (1) a Notice stating that Plaintiffs do not dispute that Defendants have established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, April 23, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**